[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10761

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-21021-CV-WMH

DON E. SAUNDERS,
individually,

                                                        Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,
a Delaware corporation,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 18, 2008)**

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

        After a jury trial on his discrimination claims under the Florida Civil Rights

Act and a jury verdict in favor of Defendant-Appellee Wal-Mart Stores, Inc.,

Plaintiff-Appellant Don Saunders appeals the district court's order denying his

motion for a new trial. On appeal, Saunders raises three issues: (1) the district

court erred in allowing Wal-Mart to present evidence regarding Saunders's

application for Social Security disability benefits and his involvement in the

company "Lawn Maintenance by Don"; (2) the district court erred in excluding

Saunders's proffered rebuttal evidence of testimony from his social worker and tax

documents sent to his fiancee for "Lawn Maintenance by Don"; and (3) Wal-Mart

used a peremptory challenge to exclude an African American potential juror in

violation of Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).[1]

After review and oral argument, we find no reversible error in the district

court's order. First, the district court did not abuse its discretion in either

evidentiary ruling because Wal-Mart's evidence was relevant to the issue of

mitigation of damages and to impeachment of Saunders's claim that he still would

be working at Wal-Mart but for his termination, and Saunders's proffered rebuttal

---

[1]We review the denial of a motion for a new trial for an abuse of discretion. Bianchi v. Roadway Exp., Inc., 441 F.3d 1278, 1282 (11th Cir. 2006). We review rulings on the admissibility of evidence for an abuse of discretion and will not overturn an evidentiary ruling unless the moving party establishes a substantial prejudicial effect. Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1276 (11th Cir. 2008). We review the district court's resolution of a Batson challenge under the clearly erroneous standard. Central Ala. Fair Hous. Ctr., Inc. v. Lowder Realty Co., Inc., 236 F.3d 629, 635 (11th Cir. 2000).

evidence was cumulative to Saunders's own extensive testimony on his Social Security application and his involvement with "Lawn Maintenance by Don." In any event, Saunders has not shown that either evidentiary ruling had a substantial prejudicial effect on the outcome of the trial. Second, as to Saunders's <u>Batson</u> claim, Wal-Mart offered a race-neutral explanation for using its peremptory strike, and Saunders failed to show that its reason was pretextual. Thus, we affirm the district court's order denying Saunders's motion for a new trial.

**AFFIRMED.**